IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WILLIAMS, | : | CIVIL ACTION NO. **1:CV-07-637** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES LIGHTCAP, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Larry Williams, an inmate at the State Correctional Institution at Dallas ("SCI-Dallas") filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983, on April 4, 2007. (Doc. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

Plaintiff's claim was set forth on a form § 1983 complaint which this court routinely provides to *pro se* litigants. *See* Doc. 1. Plaintiff indicates that he has exhausted his Administrative remedies at SCI-Dallas. (Doc. 1, p. 1). As exhibits to his Complaint, Plaintiff has attached copies of his Pennsylvania Department of Corrections ("PA-DOC") grievance regarding the failure of prison staff to evacuate him during a fire on April 9, 2006, the responses thereto, and appeals.[1]

---

[1] In his Complaint, as stated above, Plaintiff indicates that he has fully exhausted the grievance procedure available at SCI-Dallas. (Doc. 1, p. 1, ¶ II.). Plaintiff states that he filed a grievance, but to no avail (*Id*., p. 2, ¶ IV. 3.) alleging that on April 9, 2006, he was in danger of a fire that occurred at the prison and that he was not evacuated. (Doc. 1, attached exhibits). Plaintiff did not appear to file a grievance regarding his other three (3) present claims that Defendants have issued a false misconduct against him to keep him in segregated housing, that prison staff are hindering his attempt to overturn his criminal conviction and get a new trial, and that Defendant Nightcap is illegally deducting money from his prison account. Thus, Plaintiff seems not to have exhausted all of his present claims.

**II. PLRA.**

The Prison Litigation Reform Act of 1995,[2] (the "PLRA"),  obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[3]  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

We also note that of Plaintiff's four (4)  stated claims, only his referenced claim against Defendant Lightcap specifies the personal involvement of a Defendant.  *See Jones v. Black*, ___ U.S. ___, 127 S.Ct. 910, 923 (2007) (PLRA exhaustion requirement not *per se* inadequate if defendant named in complaint was not named in administrative grievance).  Plaintiff's other three stated claims in his Complaint do not state which Defendants were involved with the claims, such as Plaintiff does not state which Defendants issued false misconducts against him. In any event, all of Plaintiff's instant claims seemingly have not been exhausted.

Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.  However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[3]The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account.  The court then issued an administrative order directing the warden to commence the withdrawal of the full filing fee due the court from the Plaintiff's prison trust fund account.

is immune from such relief.

We have reviewed the allegations of the complaint and have determined that the complaint is subject to dismissal as to three (3) of Plaintiff's four (4) claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

In an action brought pursuant to 42 U.S.C. § 1983, the Plaintiff must prove the following two essential elements in order to state a claim:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Parratt, supra*.    It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge

>and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

### III. Motion to Dismiss.

When evaluating a pleading for failure to state a claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976). A complaint filed by a *pro se* party should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citation omitted).

### IV.  Discussion.

As noted, the Complaint does not specify any conduct, wrongful or otherwise, of the named Defendants except for Defendant Lightcap. The Defendants are James Lightcap, Bookkeeper, SCI-Dallas; Robin Lucas; Lt. Wickiser; James McGrady; James T. Wynder; Sharon Burks; Michael Wolanin; Jefferey Beard (PA DOC Secretary); and "All Other Entities within SCI-Dallas/PADOC Central Office."   (Doc. 1, p. 2).  Also, as noted, Plaintiff raises four § 1983 claims.

Insofar as Plaintiff also alleges that he was falsely accused, arrested, convicted and sentenced, and is now being falsely imprisoned, we find that this is not a proper § 1983 claim. (*Id.*, ¶ IV. 1.).

Rather, this claim which challenges his conviction and alleges he is wrongfully imprisoned must be asserted *via* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Thus, Petitioner has improperly brought his claim (*Id.*, ¶ IV. 1.) affecting the length of his confinement in this § 1983 action.  He must assert this claim attacking his judgment of conviction in a habeas petition.  *See Nelson v. Campbell*, ___ U.S. ___, 124 S. Ct. 2117, 2124 (2004); *Wilkinson v. Dotson*, ___U.S.___, 125 S. Ct. 1242 (2005).

An inmate challenging the validity or execution of his state court sentence can file a habeas petition under § 2254.  *See DeVaughn v. Dodrill*, C.A. No. 03-4162 (3d Cir. 8-23-05), slip op, p. 3.  Here, our Plaintiff, in his initial statement of claim, appears to be challenging both the validity and execution of his state court conviction and sentence.  Thus, Plaintiff's stated claim sounds more like a § 2254 habeas petition and not a civil rights action under § 1983.[4]

The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973).  Plaintiff in the present case, insofar as he is attacking his state court conviction and sentence, he seems to be implicating relief that would alter the term of his confinement in prison, and he has appeared to raise a challenge to the validity of his state conviction and to the execution of his sentence.  Thus, this contention of Plaintiff is construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and not as a § 1983 civil rights action.  *See Muhammad v. Close*, ___ U.S. ___, 124 S.Ct.

---

[4]We note that as relief, Plaintiff does not seek release from prison confinement or a shorter period of incarceration.

1303, 1304 (2004) (Per Curiam). Therefore, if Plaintiff is challenging the legality of his conviction and sentence, these are deemed as habeas claims.

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Thus, to the extent that the Plaintiff is challenging the legality of his continued confinement at SCI-Dallas, we do not construe this claim as a civil rights action but as a habeas corpus petition. A ruling in the Plaintiff's favor on this claim would alter his confinement (*i.e.*, cause his immediate release from incarceration at SCI-Dallas), and it would alter the length of his sentence and affect the validity of his state conviction.

Therefore, we will recommend that to the extent that Plaintiff is claiming (*Id.*, ¶ IV. 1.) that he was falsely convicted and sentenced, that this claim be dismissed without prejudice to Plaintiff to file it in a habeas petition.[5]

---

[5] In *Heck v. Humphrey*, 512 U.S. at 486-487, the Court adopted the so-called favorable termination rule, which provides that if the success of a civil rights damages suit "would necessarily imply the invalidity of his conviction or sentence," then the Plaintiff-prisoner's claim is cognizable only if he can prove that his conviction or sentence was reversed, invalidated, or called into question by a grant of federal habeas corpus relief.

If *Heck*'s favorable termination rule applied in this case, Plaintiff would have to first establish that his finding of guilt regarding his conviction was found unlawful by a grant of federal habeas corpus relief. *See Nelson v. Campbell*, ___ U.S. ___, 124 S.Ct. 2117, 2124 (2004). *But see Muhammad v. Close*, ___ U.S. ___, 124 S.Ct. 1303 (2004) (civil rights action not *Heck* barred where inmate did not seek to expunge misconduct charge since it could not be

Plaintiff raises four (4) § 1983 claims. Claim #1, Plaintiff states that he has been fighting the courts for re-trial, and the staff at SCI-Dallas are "trying to make sure I don't get retrial." Thus, Plaintiff seems to claim that unnamed prison staff are hindering his attempt to overturn his criminal conviction. We construe this as a denial of access to the courts claim.

Plaintiff is construed as claiming that the conduct of unnamed staff denied him his access to the court because they are trying to make sure that he does not get a re-trial. (*Id.*, ¶ IV. 1.). Plaintiff fails to allege an actual injury since he does not claim that his state court criminal appeal has been interfered with by any named Defendant, and he does not claim that his state court criminal appeal was somehow dismissed or that he missed a filing date due to any conduct by a named Defendant.

Plaintiff has not stated any injury to himself as a result of Defendants' alleged conduct in trying to prevent him from getting a new trial. Plaintiff does not claim that the conduct of any named Defendant denied him of his right to access to the court. (*Id.*). As stated, Plaintiff does not claim that he missed any court deadlines or that any legal matter he had was in any way prejudiced by Defendants' alleged conduct.

Further, even if the Plaintiff is construed as claiming he was somehow denied access to the court by Defendants' alleged conduct, Plaintiff has not alleged an injury regarding his denial of access to the courts claim. It is well established that prisoners have a constitutional due process right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). However, in order to prevail

---

construed as seeking a judgment at odds with inmate's conviction or calculation of time to be served on underlying sentence).

on such a claim, it is necessary to allege an actual injury -- an instance in which the Plaintiff was actually denied access to the courts. *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2163 (1996); *Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir. 1988), *citing Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982); *Kershner v. Mazurkiewicz*, 670 F.2d 440, 444 (3d Cir. 1982). Plaintiff has not properly stated such a claim nor has he alleged any personal involvement by any named Defendant regarding this claim. Plaintiff does not allege any actual injury or adverse action with respect to his First Amendment access to courts claim against Defendants. We will recommend that Plaintiff be directed to amend his denial of access to court claim, Claim #1.

Claim #2, Plaintiff states that he has been receiving falsified misconduct reports so he can be kept in segregated housing. (*Id.*, ¶ IV. 2.). We find that Plaintiff has not stated a Constitutional cause of action with respect to his Claim #2. Plaintiff alleges that unnamed prison staff issued false misconducts against him to prevent him from leaving the segregated housing unit. As noted above, Plaintiff's grievance does not appear to have included this claim.[6]

As the Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *7 (E.D. Pa.), stated:

> As an initial matter, the filing of a false or unfounded misconduct charge against an inmate does not constitute a deprivation of a constitutional right. *See Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988); *Flanagan v. Shively*, 783 F.Supp. 922, 931-32 (M.D. Pa.), *aff'd* 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993). There is also no constitutional

---

[6]As noted, Plaintiff does not appear to have fully exhaust his Administrative remedies with respect to all of his present claims, *i.e.* Claims # 1, #2 and # 3. This finding is based on Plaintiff's own exhibits to his Complaint. However, as noted above, failure to exhaust is an affirmative defense for Defendants to raise.

> right to require prison officials to investigate an inmate's
> grievances. *Davage v. United States*, No. Civ. A. 97-1002,
> 1997 U.S. Dist. LEXIS 4844, at * 9 (E.D. Pa. Apr. 11, 1997);
> *see also Robinson v. Love*, 155 F.R.D. 535, 5365 n. 3
> (E.D. Pa. 1994) (citing cases).

Further, Plaintiff has no Constitutional right to a particular custody status, *i.e.* general population as opposed to segregated housing custody. *See Wilson v. Horn,* 971 F.Supp. 943 (E.D. Pa. 1997).

Moreover, Plaintiff has not implicated a liberty interest with respect to his due process claim that he is being wrongfully kept in the segregated housing unit. Plaintiff is deemed as seeking to be released from the segregated housing unit and to be returned back into the general population.

Plaintiff seems to aver that Defendants' conduct caused him to be kept in the segregated housing unit. Plaintiff seems to claim that the procedural safeguards of *Wolff v. McDonnell,* 418 U.S. 539 (1974)*,* were not followed in his case. (Doc. 1, p. 2). Plaintiff seems to claim that the segregated housing unit restrictions imposed on him after the Defendants filed the misconduct charges against him constituted an atypical and significant hardship, and implicated his due process rights. In *Griffin v. Vaughn*, 112 F.3d 703  (3d Cir. 1997), the Court found that confinement of a prisoner in restrictive housing for fifteen (15) months did not implicate a constitutionally protected liberty interest.  *See also Thomas v. Rosemeyer*, 199 Fed. Appx. 195 (3d Cir. 2006) (270 days n restrictive housing unit not atypical or significant hardship).

Further, the Court in *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997), stated:

> Applying the precepts of *Sandin* to the circumstances before
> us, we conclude that the conditions experienced by Griffin in
> administrative custody did not impose on him "atypical and significant
> hardship," that he was thus deprived of no state created liberty

9

>	interest, and that he failure to give him a hearing prior to his transfer to administrative custody was not a violation of the procedural due process guaranteed by the United States Constitution.

The *Griffin* Court concluded that, considering the reasons to transfer inmates from general population to administrative custody, such as inmates deemed to be security risks, stays in administrative custody for many months (*i.e.* as long as 15 months) are not uncommon. *Id.* at p. 708. Thus, the *Griffin* Court held that the inmate Griffin's transfer to and confinement in administrative custody "did not deprive him of a liberty interest, and that he was not entitled to procedural due process protection." *Id.*

Based on *Sandin* and *Griffin*, the Plaintiff's Complaint fails to state a due process claim, since we find that the segregated housing unit restrictions did not impose atypical and significant hardship on the Plaintiff in relation to the ordinary incidents of prison life. Thus, we shall recommend that Plaintiff's due process claim (Claim #2) that unnamed prison staff issued false misconducts against him to keep him in segregated housing be dismissed.

Claim #3, Plaintiff states that Defendant Lightcap "repeatedly, knowingly and willingly illegally" deducted money from Plaintiff's account and that of fellow inmate Mr. Randall Herb. *(See* ¶'s 1, 2 and 3 of Statement of Claim, ¶ IV., page 2 of Complaint, Doc. 1). Plaintiff does not allege that any other Defendant was personally involved with this claim.

Plaintiff alleges in the present action that Defendant Lightcap has repeatedly and illegally deducted money from his prison account while he was an inmate at SCI-Dallas. The Plaintiff seeks monetary damages for his claims. (*Id.* at p. 3). Claim #3 of Plaintiff's Complaint is subject to dismissal for failure to state a claim.

A claim that state officials have deprived a prisoner of personal property does not state a recognizable § 1983 action. *See Rossiter v. Andrews*, 1997 WL 137195 (E.D. Pa.). As the Court in *Parratt* stated, "the existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment." 451 U.S. at 542. (quoting *Bonner v. Coughlin*, 517 F. 2d 1311, 1319 (7th Cir. 1975)). Furthermore, it is not relevant whether the alleged loss of the inmate's property occurred as the result of negligent or intentional conduct. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In our case, Plaintiff alleges Defendant Lighcap has knowingly deducted money from his account and that this was not proper.

The *Rossiter* Court stated that "Pennsylvania does provide an adequate remedy for inmates whose property has been lost, stolen, or destroyed by prison officials. Inmate grievance procedures, as well (sic) the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541-8546, are also available to Plaintiff, and provide him with adequate postdeprivation remedies." *See Iseley v. Horn*, 1996 WL 510090 (E.D. Pa.), *aff'd* 85 F. 3d 612 (3d Cir. 1996) (finding Pennsylvania inmate grievance procedures to be a meaningful post-deprivation remedy for the loss of property by a corrections officer); *see also Murray v. Martin*, 720 F. Supp. 65 (E.D. Pa. 1989) (noting that a prisoner alleging the intentional theft of his property by a corrections officer may pursue a civil damage action pursuant to the Pennsylvania Political Subdivision Tort Claims Act). This same conclusion has been reached by courts in other states in which the state Department of Corrections has a policy regarding inmates' claims for lost or damaged property by prison officials. *See Hubenthal v. County of Winona*, 751 F. 2d 243, 246 (8th Cir. 1984) (holding that even unauthorized

deprivation of property by state officials does not violate due process requirements if meaningful post-deprivation remedy is available). *See also Simpson v. Hvass*, 2002 WL 508363 (8th Cir. (Minn.)).

Therefore, Plaintiff has failed to state a viable § 1983 claim with respect to the alleged deduction of his prison account money by Defendant Lightcap. We will recommend that Plaintiff's Claim #3 be dismissed.

Claim #4, Plaintiff alleges that he filed a grievance and wrote to Defendants in regards to a fire at the prison on April 9, 2006, in which his life was in danger, and that they repeatedly denied that this was the case. (*Id.*, p. 2, ¶ IV. 3.). This is construed as an Eighth Amendment conditions of confinement claim. As noted, this is the claim that Plaintiff seems to have exhausted.

Plaintiff is deemed as claiming that the conduct of unnamed Defendants violated the Eighth Amendment by depriving him of his basic human safety needs as a result of the April 9, 2006 fire and the failure to evacuate him from his cell. Plaintiff's exhibits[7] indicate that there was no evidence to support his grievance that he was in danger from the fire that was one tier above him and 19 cells down from him. (Doc. 1, Exhibit, June 30, 2006 final Review Response of Defendant Burks to Plaintiff's grievance).[8] Specifically, Plaintiff does not claim that he was physically injured

---

[7]We can consider Plaintiff's exhibits attached to his pleading since he has referenced them in his Complaint and his Eighth Amendment claim is based on them. *See Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[8]To the extent that Plaintiff may be naming Sharon Burks, DOC Chief Grievance Officer, as a Defendant due to her response to his grievance, she would be subject to dismissal. (Doc. 1, Ex. - June 30, 2006 Grievance Final Review). It is not clear why Plaintiff named Burks as a Defendant, since Plaintiff fails to state the specific personal involvement of any named Defendant in his Complaint, other than for Defendant Lightcap.
The law is well-settled that there is no constitutional right to a grievance procedure. *See*

by the prison fire, nor does he state how his life was in danger by the unnamed Defendants' failure to evacuate him from his cell. Plaintiff states no viable claim of physical injury as a result of any conduct alleged to have been taken by Defendants in this case.

While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones...." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970  (1994)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Under *Farmer*, conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official Defendants. *Id*. at 834. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness.  *Farmer,* 511 U.S. at 834-35 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392); *Wilson v. Seiter,* 501 U.S. 294,

---

*Jones v. North Carolina Prisoners' Labor Union, Inc*.  433 U.S. 119, 137-138 (1977).  This very Court has also recognized that grievance procedures are not constitutionally mandated.  See *Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential).  Even if the prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action.  *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995).  *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa. (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted).  Thus, a prison official's response to a  prisoner's grievances is not a basis for a  constitutional claim against this official.  *Burnside, supra*.

13

303, 111 S.Ct. 2321 (1991). In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.  Plaintiff makes no such claim as to any Defendant.

As stated, Plaintiff is deemed as alleging that Defendants violated the Eighth Amendment with respect to the conditions of confinement by failing to evacuate him from his cell during the April 9, 2006 fire at the prison.  Based on Plaintiff's allegations and his exhibits, we find that no inference could be drawn by Defendants that a substantial risk of serious harm existed to Plaintiff. Further, no requisite inhumane conditions are alleged.  At most, Plaintiff claims that the failure to evacuate him caused him to fear he was in danger.  Thus, we shall recommend that Plaintiff's Eighth Amendment conditions of confinement claim be dismissed.  Further, Plaintiff's Complaint, with respect to his Eighth Amendment claim, fails to state the personal involvement of Defendants and fails to state how Defendants were deliberately indifferent to his safety and that a substantial risk of serious harm existed regarding the April 9, 2006 fire.

While Plaintiff names Warden Wynder and DOC Secretary Beard as Defendants, Plaintiff should not include these Defendants in his amended complaint based on *respondeat superior. See Rode, supra.*  Plaintiff also should not include as Defendants in his amended pleading the generic persons he refers to as "all other SCI-Dallas and DOC Central Office entities" as Defendants. PADOC and SCI-Dallas entities are not proper Defendants in a § 1983 action.  Nor are they persons within the meaning of § 1983.  *See Fischer v. Cahill*, 474 F. 2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. 1-30-97); *Sponsler*

14

*v. Berks County Prison*, 1995 WL 92370, at *1 (E.D. Pa.); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Thus, Defendants "all other entities within SCI-Dallas/ PA DOC Central Office" are clearly subject to dismissal.[9]

Finally, Plaintiff's request for specific monetary relief against Defendants in the amount of $3 million should be stricken from his pleading. (Doc. 1, p. 3). Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages of $3 million should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

Insofar as Plaintiff seeks as relief a transfer to another prison (Doc. 1, p. 3), he has no right to confinement in any particular prison. *See Olim v. Wakinekona*, 461 U.S. 238 (1983). Nor can Plaintiff file criminal charges against Defendants in this § 1983 action.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

---

[9] *See Williams v. Com. of PA*, Appeal No. 03-3534 (3d Cir. 8-16-05), slip op. p. 5 (Pennsylvania Department of Corrections is not a person under § 1983) (Non-precedential).

Although there is not a heightened pleading standard in civil rights cases,[10] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, Plaintiff's complaint is in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which it rests. Even taking into account the fact that Plaintiff is proceeding *pro se*, his complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining. Accordingly, we will recommend that Plaintiff be directed to file an amended complaint with respect to only his First Amendment denial of access to court claim, Claim #1. Plaintiff should only include as defendants the prison staff who he can allege were personally involved with this claim. We will recommend that Plaintiff's Claims #2, #3 and #4 be dismissed, and that the generic "all other SCI-Dallas and DOC entities" Defendants be dismissed.

---

[10]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

**V. Recommendation.**

Based on the foregoing, we respectfully recommend that Plaintiff be directed to file an amended complaint with respect to only his denial of access to court claim, Claim #1. We recommend that Plaintiff's Claims #2, #3 and #4 be dismissed, and that the generic "all other SCI-Dallas and DOC entities" Defendants be dismissed. We recommend that Plaintiff's request for specific amount of monetary damages be stricken from his Complaint. Further, we recommend that this case be remanded to the undersigned for further proceedings.

>                    **s/ Thomas M. Blewitt**
>                    **THOMAS M. BLEWITT**
>                    **United States Magistrate Judge**

**Dated: April 13, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WILLIAMS, | : | CIVIL ACTION NO. **1:CV-07-637** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES LIGHTCAP, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 13, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**


**Dated: April 13, 2007**