IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY WILLIAMS,** | : | Civil Action No. 1:07-CV-637 |
| **Plaintiff** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JAMES LIGHTCAP, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court are Plaintiff Larry Williams's pro se complaint and request for leave to proceed in forma pauperis (Doc. Nos. 1, 2), Magistrate Judge Blewitt's report and recommendation screening Plaintiff's complaint pursuant to the Prison Litigation Reform Act (Doc. No. 6), and Plaintiff's objections to the report and recommendations (Doc. No. 9).[1] For the reasons that follow, the Court will adopt the report and recommendation and overrule Plaintiff's objections. Also before the Court is Plaintiff's motion to appoint counsel (Doc. No. 7), which the Court will deny without prejudice.

**I.   BACKGROUND**

As set forth more fully in Magistrate Judge Blewitt's report and recommendation, Plaintiff purports to assert several constitutional claims brought pursuant to 42 U.S.C. § 1983 against various named and unnamed prison officials, as well as against state prison SCI-Dallas and the Pennsylvania Department of Corrections' central office. Plaintiff claims that:

- He was "falsely accused, arrested, convicted, and sentenced, [and] . . . falsely imprisoned."

- Unnamed staff members at SCI-Dallas are preventing him from receiving a retrial.

---

[1] Also before the Court is Plaintiff's motion seeking an extension of time to file objections to the report and recommendation. (Doc. No. 10.) The Court will grant this motion and deem Plaintiff's objections to the report and recommendation as timely filed.

- Unnamed staff members at SCI-Dallas have kept him in segregated housing by generating falsified misconduct reports about him.

- Unnamed staff members at SCI-Dallas endangered his life by failing to evacuate him when there was a fire in a prison cell nineteen cells away from his cell and one floor above him.

- James Lightcap, the bookkeeper at SCI-Dallas, has "repeatedly, knowingly, and willingly illegally deducted mon[ies] from my account."

For these alleged violations of his constitutional rights, Plaintiff seeks $3 million in damages and a transfer to another correctional facility. Plaintiff also asks the Court to "possibly file criminal charges if deemed feasible on [his] behalf." In a separate motion, Plaintiff further requests that the Court appoint him counsel to pursue these claims.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

As explained by Magistrate Judge Blewitt, a court must review the complaint of a plaintiff seeking to proceed in forma pauperis prior to service of process under 28 U.S.C. § 1915(e). See also 28 U.S.C. § 1915A(a) (addressing the screening of claims by prisoners against governmental employees and officers). If the court determines that an action fails to state a claim on which relief may be granted, dismissal of that claim is required. 28 U.S.C. § 1915(e)(2)(B)(ii); see also id. § 1915A(b)(1). The standard of review for failure to state a claim in this context is the same as the standard governing a Rule 12(b)(6) motion. Grayson v.

Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002). Thus, dismissal is proper when the defendants are entitled to judgment as a matter of law. See Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). To avoid dismissal, the complaint must contain allegations sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citations omitted). Essentially, a plaintiff must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1997); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Additionally, when evaluating a motion to dismiss, a court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" Evancho v. Fisher, 423 F.3d 347, 354-55 (3d Cir. 2005).

## III. DISCUSSION

### A. The report and recommendation and Plaintiff's objections

In his report and recommendation, Magistrate Judge Blewitt recommended that in so far as Plaintiff was challenging the legality of his conviction, sentence, and continued imprisonment, such a claim must be raised, not in a suit under § 1983, but in a § 2254 habeas corpus petition. (Doc. No. 6, at 5-6); see Nelson v. Campbell, 541 U.S. 637, 646 (2004) ("[W]e have previously

concluded that a § 1983 suit for damages that would 'necessarily imply' the invalidity of the fact of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.") (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)).  The Court agrees with the report and recommendation and will dismiss this claim without prejudice to Plaintiff's ability to file a § 2254 petition.

Next, Magistrate Judge Blewitt addressed Plaintiff's claim that SCI-Dallas staff members are "trying to make sure I don't get [a] retrial."  Construing this allegation as a denial of access to the courts claim, Judge Blewitt noted some critical deficiencies in the claim.  Most obviously, Plaintiff does not identify the staff members who are allegedly hindering his ability to access the courts.  This omission is fatal to Plaintiff's claim because a fundamental tenet of § 1983 jurisprudence is that an individual defendant must have had personal involvement in the acts alleged in order to be held liable.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, Plaintiff has neither identified which defendants have thwarted his access to the courts nor specified their actions taken in furtherance of this unlawful goal.  Additionally, Plaintiff has not pointed to any injury as a result of this alleged misconduct.  Accordingly, Plaintiff's allegation that unnamed SCI-Dallas officials have prevented him from obtaining a retrial fails to state a claim.² Magistrate Judge Blewitt recommended that Plaintiff be granted leave to amend this

---

² Contrary to Plaintiff's arguments, Magistrate Judge Blewitt did not utilize a heightened pleading standard when evaluating Plaintiff's claims.  In fact, the report and recommendation specifically emphasizes that "there is not a heightened pleading standard in civil rights cases." (Doc. No. 6, at 16) (citing Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993)).  Plaintiff's complaint fails to comply with the more liberal notice pleading standard required by Rule 8 of the Federal Rules of Civil Procedure because, as the complaint is currently framed, Defendants cannot ascertain which of Plaintiff's claims are asserted against them or why.

claim, and the Court will grant such leave.

The Court likewise agrees with Magistrate Judge Blewitt's assessment that Plaintiff's allegations that unnamed SCI-Dallas staff members generated falsified misconduct reports to keep Plaintiff in segregated housing and failed to evacuate him when there was a fire one floor above him fail to state a claim upon which relief may be granted. Once again, Plaintiff has not identified which Defendants are party to these alleged claims, failing to provide the notice that is required by Rule 8 of the Federal Rules of Civil Procedure. More importantly, however, Plaintiff has failed to allege a constitutional violation. As explained in the report and recommendation, Plaintiff has no constitutional right to a particular custody status (Doc. No. 6, at 9), and no constitutional violation occurs with "the filing of a false or unfounded misconduct charge against an inmate" (Id. at 8) (quoting Wesley v. Dombowski, No. 03-4137, 2004 WL 1465650, at *7 (E.D. Pa. June 28, 2004)). With respect to Plaintiff's failure to evacuate/deliberate indifference claim, Magistrate Judge Blewitt explains that Plaintiff's conclusory allegation that his life was endangered by a fire in a cell one floor above him and 19 cells away from him is insufficient to state a claim. For the reasons detailed in the report and recommendation, the Court agrees.

Plaintiff also alleges Defendant James Lightcap, the bookkeeper at SCI-Dallas, has "repeatedly, knowingly, and willingly illegally deducted mon[ies] from my account." Because there are adequate post-deprivation remedies to redress the loss or damage of Plaintiff's property by Defendant Lightcap, he does not have a constitutional claim for violations of his due process rights. (Doc. No. 6, at 11-12); see Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

Amendment if a meaningful postdeprivation remedy for the loss is available"); see also Rossiter v. Andrews, No. 96-6257, 1997 WL 137195, at *4 (E.D. Pa. March 25, 1997) ("Pennsylvania does provide an adequate remedy for inmates whose property has been lost, stolen or destroyed by prison officials.  Inmate grievance procedures [and] the Political Subdivisions Torts Claim Act are also available . . .") (citation omitted).  Accordingly, this claim will be dismissed.[3]

### B. Plaintiff's motion to appoint counsel

Following the issuance of Magistrate Judge Blewitt's report and recommendation, Plaintiff sought to have counsel appointed.  (Doc. No. 7.)  In support of this request, Plaintiff explains that:  he has a ninth-grade education; his work experience is limited; he is unfamiliar with litigation and the rules governing federal civil actions; his ability to conduct discovery will be hindered by his incarceration; and he has difficulty writing legibly,[4] which impairs his ability to present his case effectively.

Although there is no constitutional or statutory right to counsel for civil litigants, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel."  28 U.S.C. § 1915(e)(1).  A district court's appointment of counsel pursuant to this section is discretionary and must be made on a case-by-case basis.  See Tabron, 6 F.3d at 157-58.  The Third Circuit outlined the following non-exclusive factors to help guide a

---

[3] The Court will not address Plaintiff's arguments relating to exhaustion of administrative remedies at this time.  While Magistrate Judge Blewitt noted that Plaintiff may not have exhausted his administrative remedies with respect to certain claims, he did not rest his recommendations on any purported failure to exhaust.

[4] Plaintiff notes that he has requested others to draft certain materials he has submitted to the Court.

court's exercise of discretion when determining if appointment of counsel is warranted:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).

Without the benefit of an amended complaint, the Court is unable to ascertain whether Plaintiff's denial of access to the courts claim has merit. As discussed above, Plaintiff's other claims will be dismissed for failure to state a claim. The Court will deny Plaintiff's request for appointment of counsel without prejudice to his ability to seek appointment of counsel after the screening of Plaintiff's amended complaint, should he choose to file one.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY WILLIAMS,** : | Civil Action No. 1:07-CV-637 |
| **Plaintiff** : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| **JAMES LIGHTCAP, et al.,** : | |
| **Defendants** : | |

## ORDER

**AND NOW**, this 27th day of July, 2007, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for an extension of time to object to the report and recommendation (Doc. No. 10) is **GRANTED**. Upon consideration of Magistrate Judge Blewitt's report and recommendation (Doc. No. 6) and Plaintiff's objections thereto (Doc. No. 9), the Court **HEREBY ADOPTS** the report and recommendation and **OVERRULES** Plaintiff's objections thereto. Plaintiff may proceed in forma pauperis, and his complaint is dismissed for failure to state a claim on which relief may be granted. The Court grants Plaintiff leave to file an amended complaint **no later than twenty (20) days** after the issuance of this order setting forth with greater specificity his denial of access to the courts claim. Should Plaintiff fail to submit an amended complaint within that time, the Court may order the Clerk of Court to close his case without further notice.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to appoint counsel (Doc. No. 7) is **DENIED** without prejudice to make such a request after the Court's screening of his amended complaint, should Plaintiff choose to file one.

This case is remanded to Magistrate Judge Blewitt for further proceedings.

    s/Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania